**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NUMBER:**

RAFAEL FROEDER,
an individual,

    Plaintiff,

vs.

AMERICAN TRUCKING ALLIANCE, LLC.
a Florida limited liability company, and
OLEXANDR GAVRYLOV, an individual,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RAFAEL FROEDER ("FROEDER"), by and through his undersigned attorney, sues Defendants, AMERICAN TRUCKING ALLIANCE, LLC, ("ATA") a Florida limited liability company, and OLEXANDR GAVRYLOV, ("GAVRYLOV"), individually, and in support thereof, alleges as follows:

## **JURISDICTION**

1.  The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid minimum wages, unpaid commissions and, an additional equal amount in liquidated damages; to obtain declaratory relief; and to recover reasonable attorneys' fees and costs.

2.  The jurisdiction of the Court over this controversy is proper pursuant to 28

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

U.S.C. §1331 as these claims arise under 29 U.S.C. §2l6(b) and 28 U.S.C. §§ 2201-2202.

3. The jurisdiction of this Court over this controversy is also based upon the following:

   a) The unlawful employment practices alleged below occurred and/or were committed within Broward County, Florida; and

   b) Defendant, ATA, was and continues to be a Florida corporation doing business within this jurisdictional district.

## PARTIES

4. At all times material hereto, Plaintiff, FROEDER, was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff, FROEDER, was an "employee" of Defendant within the meaning of the FLSA.

6. At all times material hereto, Defendant, ATA, was and continues to be a limited liability company organized under the laws of the state of Florida. Further, at all times material hereto, Defendant, ATA, was and continues to be engaged in business in Broward County, Florida.

7. At all times material hereto, Plaintiff, FROEDER, was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant, GAVRYLOV, was and continues to be a resident of Broward County, Florida.

9. At all times material hereto, Defendant, ATA, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, Defendant, GAVRYLOV, as Plaintiff's employer, was responsible in whole for Plaintiff's compensation and/or made the decision not to pay Plaintiff for his work performed.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

11. At all times material hereto, the work performed by Plaintiff, FROEDER, was directly essential to the business of Defendants.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1) of the FLSA.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

14. At all times material hereto, Defendants were the employers or former employers of Plaintiff, FROEDER.

15. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time period(s).

16. FROEDER, at all times material hereto, in his capacity as a driver and non-exempt employee for Defendants engaged in the handling and/or selling, or otherwise working on goods or materials that have been moved in or produced for such commerce is individually covered by the FLSA.

17. Plaintiff, FROEDER, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. Defendant, ATA, is an interstate business that transports vehicles, including motorcycle, ATVs, RV and boats, throughout the contiguous United States.

19. Plaintiff, FROEDER, was employed by Defendant as a driver from February 22, 2015 through April 6, 2015 (6 weeks).

20. At the time that Plaintiff, FROEDER, became employed by Defendant, Plaintiff and Defendant entered into a verbal agreement relating to Plaintiff's employment and

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

compensation (the "Agreement" and/or the "Contract").  The parties have a lawful and binding contract.

21. Defendant agreed to pay Plaintiff on a 25% commissions based on the amount of each "load".

22. Plaintiff remains unpaid for a load that occurred in approximately March of 2015. The load amount was $20,650.00.

23. Defendant, FROEDER, is owed $3,294.50 in unpaid commissions in connection with the March 2015 load..

24. Defendant failed to pay all commissions earned pursuant to the verbal agreement between the parties.

25. Defendant has breached its contract with Plaintiff by failing to pay the commissions owed pursuant to the terms of the Agreement.

26. As of the date of the filing of this Complaint, Plaintiff has not received the commissions owed pursuant to the terms of the Agreement.

27. Additionally, and at all times material hereto, FROEDER worked for Defendants in excess of 40 hours within a work week.  Specifically, Plaintiff worked in approximately 14 hours per day for six (6) and sometimes seven (7) days per week averaging between 91 hours per week.

28. FROEDER was paid for the commission amount per load, regardless of the number of hours he worked each week.

29. Because of the manner in which FROEDER was paid during his employment, he was not paid at the statutory minimum hourly rate as provided for by the FLSA.

30. From the commencement of his employment through his last date of work with

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

ATA, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's calculated hourly rate for all hours worked in excess of 40 in a single work week.

31. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's calculated hourly rate for those hours that Plaintiff worked in excess of forty (40) per week as required by the FLSA while he was employed by Defendants.

32. For 2015 the Florida minimum wage rate was $8.05 per hour.

33. Upon information and belief, Plaintiff is entitled to **$ 1,932.00**, in minimum wages calculated as follows:

   a. From February 22, 2015 through April 6, 2015 Plaintiff worked approximately 6 weeks at an average of 90 hours each week. $8.05 x 40 = $322.00/week; 6 x $322.00 = $1,932.00.

34. Upon information and belief, Plaintiff is entitled to **$ 3,622.50**, in overtime wages calculated as follows:

   a. From February 22, 2015 through April 6, 2015, Plaintiff worked approximately 50 hour per week of overtime. The overtime rate for $8.05 is $12.07. $12.07 x 50 = $603.75/week; 6 x $603.75 = $3,622.50.

35. Accordingly, Plaintiff is owed a total of $5,554.50 in minimum wages and overtime wages, plus an equal amount ($5,554.50) in liquidated damages.

36. Defendants have violated Title 29 U.S.C. §206 from at least February 22, 2015 through April 6, 2015, in that it has failed to pay Plaintiff proper minimum wage for certain weeks that he worked for Defendants.

37. Defendants have violated Title 29 U.S.C. §207 from at least February 22, 2015 through April 6, 2015, in that:

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

a. Plaintiff worked in excess of forty hours per week for the period of his employment with Defendants;

b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's calculated hourly rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA, specifically, Defendants failed to maintain total hours worked each workday and each workweek; total daily or weekly straight-time earnings; regular hourly pay rate for any week when overtime is worked; total overtime pay for the workweek; deductions from or additions to wages; total wages paid each pay period; and date of payment and pay period covered.

38. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

39. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40. Plaintiff has made good faith efforts to collect payment and Defendants have failed to pay.

41. All conditions precedent for the bringing of this action have either been satisfied or waived.

42. Plaintiff has engaged the services of the undersigned law firm to represent him in this action. Pursuant to Florida Statute § 448.08, Plaintiff is entitled to recover attorneys' fees in addition to the amounts owed and prejudgment interest.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Wherefore, Plaintiff demands judgment against Defendants for his damages, pre and post judgment interest, costs of suit, attorneys' fees, and whatever other relief the court deems just and proper.

**STATEMENT OF CLAIM**

**COUNT I**
**VIOLATION OF 29 U.S.C. § 206**
**RECOVERY OF MINIMUM WAGE**

Plaintiff realleges and reavers paragraphs 1 through 42 of this Complaint as if fully set forth herein.

43. Plaintiff was entitled to be paid minimum wage for each hour worked during his employment with Defendants.

44. Because of the manner in which Plaintiff was paid, Defendants failed to pay Plaintiff at the statutory minimum wage rate, and those similarly situated to Plaintiff.

45. Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate in violation of 29 U.S.C. § 206..

46. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with the Defendants.

**WHEREFORE,** Plaintiff, FROEDER, respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff's actual damages;

    b. Awarding Plaintiff an equal amount as liquidated damages;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff pre and post judgment interest; and

e.  Ordering any other and further relief that this Court deems just and proper.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 207**
**OVERTIME COMPENSATION**

Plaintiff realleges and reavers paragraphs 1 through 42 of this Complaint as if fully set forth herein.

47. From February 22, 2015, and continuing through to the Plaintiff's last date of employment on April 6, 2015, Plaintiff regularly worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's calculated hourly rate. All similarly situated employees were, likewise, not paid overtime.

48. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's calculated hourly rate for all hours worked in excess of forty (40) during any given work week.

49. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

50. Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's calculated hourly rate of pay for the hours worked in excess of forty (40).

51. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over 40 hours per week, plus liquidated damages.

53. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

54. Plaintiff, FROEDER, is entitled to be paid at the rate of time and one-half for the hours that he worked in excess of the maximum hours provided for in the FLSA with the premium being calculated based upon gross nondiscretionary wages.

55. Defendants knew of and/or showed a reckless disregard for the maximum hour provisions of the FLSA as evidenced by their failure to compensate Plaintiff for overtime in the proper manner as described above.

56. Defendants have failed to properly disclose or apprise Plaintiff, and other similarly situated current and former employees, of their rights under the FLSA.

57. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

58. All times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

**WHEREFORE,** Plaintiff, FROEDER, respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff's actual damages;

c. Awarding Plaintiff an equal amount as liquidated damages;

d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff pre and post judgment interest; and

f. Ordering any other and further relief that this Court deems just and proper.

## COUNT III
## BREACH OF ORAL CONTRACT
## FOR UNPAID COMISSIONS

55. Plaintiff, FROEDER, realleges all the allegations in paragraphs 1 through 42 as if specifically recited herein.

56. Plaintiff was an employee of Defendants and thru a verbal contract had an agreement to receive commission payments for transporting vehicles.

58. Defendants breached the oral employment contract by failing to deliver the agreed upon commissions. Therefore, Plaintiff, FROEDER, was not compensated as agreed.

WHEREFORE, Plaintiff, FROEDER, respectfully request this Court for entry of a judgment in his favor against Defendants for the breaches of the contract and award all appropriate damages suffered by the Plaintiff, together with an award of attorney fees and cost pursuant to §448.08 of Florida Statute and any other relief this Court deems just and proper.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated this 7th day of February 2017.

        LAW OFFICES OF SHAWN L. BIRKEN, P.A.
        **Counsel for Plaintiff**
        100 SE 3rd Ave., Suite 1300
        Fort Lauderdale, Florida 33394
        Tel: (954) 990-4459/Fax: (954) 990-4469

        By: /s/ Shawn L. Birken
            SHAWN L. BIRKEN
            FBN: 418765
            FOR THE FIRM

P a g e | **11**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com